**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **HENRY NIXION** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-7034** |
| **PARKER JOHN BATES, et al.** | **SECTION: "G"(2)** |

## ORDER AND REASONS

Before the Court is Defendant Progressive Max Insurance Company's ("Progressive") Motion for Judgment on the Pleadings[1] and a cross Motion to Strike Progressive's Motion for Judgment on the Pleadings[2] filed by Plaintiff Henry Nixon ("Plaintiff"). This litigation arises from an automobile collision.[3] Plaintiff brings claims against Progressive for breach of its duty of good faith and fair dealing.[4] Progressive argues that as a third-party claimant, Plaintiff does not have the right to sue an insurer based on a generalized breach of its duty of good faith and fair dealing.[5] Plaintiff argues that Progressive's Motion for Judgment on the Pleadings should be stricken because it contains exhibits which do not form part of the pleadings, and the motion is premature.[6] Considering the motions, the oppositions, the record, and the applicable law, the Court denies both motions and grants Plaintiff leave to file an amended complaint.

---

[1] Rec. Doc. 19.

[2] Rec. Doc. 24.

[3] Rec. Doc. 2-2.

[4] *Id.*

[5] Rec. Doc. 19.

[6] Rec. Doc. 24.

## I. Background

On November 22, 2022, it is alleged that Plaintiff was traveling southbound in the right lane of I-55 when he came upon Defendant Parker John Bates' ("Bates") crashed truck blocking both lanes of travel.[7] It is alleged that Bates was intoxicated and struck the left guard rail, coming to a final rest facing south on the travel lane of I-55.[8] Plaintiff alleges that he attempted to avoid crashing into Bates' vehicle but he could not.[9] Plaintiff contends that Bates' intoxication, gross negligence, and reckless disregard for the rights of others and public safety were the sole and proximate causes of Plaintiff's injuries.[10] At the time of the accident, the vehicle driven by Bates was insured by Progressive.[11]

On February 5, 2024, Progressive filed a Motion for Judgment on the Pleadings.[12] On February 20, 2024, Plaintiff filed a cross motion to strike Progressive's Motion for Judgment on the Pleadings[13] and an opposition to Progressive's Motion for Judgment on the Pleadings.[14] On February 28, 2024, Progressive filed an opposition to Plaintiff's motion to strike.[15] On March 4, 2024, Progressive filed a reply memorandum in further support of its Motion for Judgment on the pleadings.[16]

---

[7] Rec. Doc. 2-2.

[8] *Id.*

[9] *Id.*

[10] *Id.*

[11] *Id.*

[12] Rec. Doc. 19.

[13] Rec. Doc. 24.

[14] Rec. Doc. 25.

[15] Rec. Doc. 28.

[16] Rec. Doc. 30.

## II. Parties' Arguments

### A.    *Progressive's Arguments in Support of its Motion for Judgment on the Pleadings*

Progressive argues that the Louisiana Supreme Court and federal courts have rules that La. Rev. Stat. §§ 22:1973(A) and 22:1982(A)(1) do not apply to third-party claims.[17] Progressive contends that commission of the specifically enumerated acts in Section (B)(1)-(5) of La. Rev. Stat. § 22:1972 support a third-party claimant's cause of action for breach of the statute.[18] Progressive asserts that several courts have dismissed bad faith adjusting claims brought by a third-party.[19]

Progressive asserts that Plaintiff filed suit against Defendant Bates and his insurer, Progressive, but does not allege that Progressive performed any dishonest or fraudulent acts as required by La. Rev. Stat. § 22:1973.[20] Progressive avers that no facts alleged in the petition give rise to an award for attorney's fees or penalties.[21] Progressive argues that Plaintiff does not have a right to sue an insurer based on a generalized breach of its good faith and fair dealing because the relationship between the insurer and third-party claimant is neither fiduciary nor contractual, its fundamentally adversarial.[22] Progressive contends that Plaintiff's bad faith claims and request for attorneys' fees should be dismissed.[23]

---

[17] Rec. Doc. 19-1 at 4.

[18] *Id.*

[19] *Id.* at 6–8.

[20] *Id.* at 8.

[21] *Id.* at 9.

[22] *Id.*

[23] *Id.*

**B.    *Plaintiff's Arguments in Opposition to Progressive's Motion for Judgment on the Pleadings***

In opposition, Plaintiff argues Progressive's Motion for Judgment on the Pleadings is premature, and the pleadings of the parties contain conflicting and contested issues.[24] Plaintiff contends that Progressive's Answer contains denials of liability which present genuine issues of fact that can only be evaluated at trial.[25] Plaintiff asserts that considering these contested issues, the Court should deny Progressive's motion for judgment on the pleadings.[26]

Plaintiff argues that the law is clear that a third-party insurance claimant can hold an insurer accountable for acts of bad faith that are against fair dealing.[27] Plaintiff avers that the facts alleged indicate misrepresentations of fact made by Progressive, which violates La. Rev. Stat. § 22:1973.[28] Alternatively, Plaintiff requests that he be allowed the opportunity to amend the complaint to include the provisions of La. Rev. Stat. § 22:1973 and expound on the allegations of bad faith.[29]

**C.    *Progressive's Arguments in Further Support of its Motion for Judgment on the Pleadings***

Progressive contends that its Motion for Judgment on the Pleadings is not premature.[30] Progressive asserts that Progressive's insurance policy is referred to in the petition, is central to Plaintiff's claims, and should be considered in deciding the Motion for Judgment on the

---

[24] Rec. Doc. 25 at 4.

[25] *Id.*

[26] *Id.* at 5.

[27] *Id.*

[28] *Id.* at 7.

[29] *Id.* at 8. Plaintiff cites La. Rev. Stat. § 22:1220 was redesignated as La. Rev. Stat. § 22:1973 in 2009.

[30] Rec. Doc. 30 at 2.

Pleadings.[31]

Progressive argues that third-party claimants have only a limited right of action under La. Rev. Stat. §§ 22:1973 and 22:1892.[32] Progressive avers that the Petition names several insurance companies as defendants, does not allege facts that Progressive acted in bad faith, does not distinguish which insurer acted in bad faith, and does not refer to a specific bad faith statute.[33] Progressive contends that the Petition does not allege that Progressive performed any dishonest or fraudulent act as set out in La. Rev. Stat. § 22:1973.[34] Progressive argues that the cases referred to by Plaintiff in opposition are not relevant.[35] Progressive contends that Plaintiff's bad faith claims and request for attorneys' fees should be dismissed.[36]

### D.    *Plaintiff's Arguments in Support of his Motion to Strike*

Plaintiff argues that the Court should strike Progressive's Motion for Judgment on the Pleadings because (1) it contains and relies on exhibits and documents which do not form part of the pleadings before this Court; and (2) it is premature as the rights and obligations of the parties are yet to be clearly established.[37] Plaintiff contends that Progressive attached a crash report and auto insurance coverage summary to its Motion for Judgment on the Pleadings, which did not form part of the pleadings.[38] Plaintiff argues that this renders Progressive's motion invalid.[39]

---

[31] *Id.*

[32] *Id.* at 3.

[33] *Id.* at 4.

[34] *Id.* at 6.

[35] *Id.* at 7.

[36] *Id.*

[37] Rec. Doc. 24 at 1.

[38] Rec. Doc. 24-1 at 2.

[39] *Id.*

Plaintiff argues that Progressive' Motion for Judgment on the Pleadings is premature because fundamental conflicts have been raised in the pleadings.[40] Progressive contends that this Court is mandated to allow the facts of this case to go before a factfinder.[41]

### E.    *Progressive's Arguments in Opposition to Plaintiff's Motion to Strike*

Progressive contends that in its Answer it stated that it pled "its policy and all policy documents as if copied herein *in extenso*."[42] Progressive argues that another section in the Eastern District of Louisiana held that an insurance contract may be considered on a motion to dismiss.[43] Progressive avers that the insurance policy is referred to in the Petition and is central to Plaintiff's claims.[44] Progressive contends that the cases cited by Plaintiff in its motion to strike are irrelevant to the instant matter.[45]

### III. Legal Standard

### A.    *Motion for Judgment on the Pleadings*

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."[46] "A motion brought pursuant to [Rule] 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts."[47] "The central issue is whether, in the light most favorable to the

---

[40] *Id.*

[41] *Id.* at 3.

[42] Rec. Doc. 28 at 3.

[43] *Id.* at 4.

[44] *Id.* at 5.

[45] *Id.*

[46] Fed. R. Civ. P. 12(c).

[47] *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir.2002) (internal

plaintiff, the complaint states a valid claim for relief."[48] On a 12(c) motion, "[p]leadings should be construed liberally," and judgment is "appropriate only if there are no disputed issues of fact and only questions of law remain."[49] Moreover, the Court "may dismiss a claim when it is clear that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief."[50] In lieu of dismissal on a motion for judgment on the pleadings, a district court may grant a plaintiff leave to amend the complaint.[51]

**B.      *Motion to Strike***

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, a court "may strike from a pleading ... any redundant, immaterial, impertinent, or scandalous matter."[52] Courts have considerable discretion in deciding whether to grant or deny a motion to strike.[53] However, motions to strike are generally disfavored and rarely granted.[54] Striking a pleading "is a drastic remedy to be resorted to only when required for the purposes of justice."[55] For this reason, a motion to strike should be granted "only when the pleading to be stricken has no possible relation to the controversy."[56] In addition, a motion to strike generally should not be granted absent a showing of

---

citations omitted).

[48] *Id*. (internal citations omitted).

[49] *Id*. (internal citations omitted).

[50] *Id*.

[51] *Dueling v. Devon Energy Corp*., 623 F. App'x 127, 129 (5th Cir. 2015).

[52] Fed. R. Civ. P. 12(f).

[53] *See In re Beef Indus. Antitrust Litig.*, 600 F.2d 1148, 1168 (5th Cir. 1979).

[54] *Augustus v. Bd. of Pub. Instruction*, 306 F.2d 862, 868 (5th Cir. 1962).

[55] *Id.* (quoting *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953)).

[56] *Id.*

prejudice to the moving party.[57]

## IV. Analysis

### A.   *Plaintiff's Motion to Strike*

#### 1.   Exhibits Attached to Progressive's Motion

Plaintiff argues that the Court should strike Progressive's Motion for Judgment on the Pleadings because it contains and relies on exhibits and documents which do not form part of the pleadings before this Court.[58] In opposition, Progressive argues that the insurance policy attached to its motion is referenced in other pleadings, including the Petition.[59] Progressive argues that the insurance policy is central to Plaintiff's claims.[60]

On a motion for judgment on the pleadings, "[t]he court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint."[61] Plaintiff does not attach the Progressive Max Insurance Company's policy to the Petition. Nevertheless, it is well settled that an insurance contract may be considered on a motion for judgment on the pleadings if it is attached to the motion, referred to in the complaint, and "central to the plaintiff's claims."[62] Progressive attaches the insurance policy to its motion,[63] the policy is referenced in the Petition,[64]

---

[57] *See id.*

[58] Rec. Doc. 24 at 1.

[59] Rec. Doc. 28 at 3.

[60] *Id.* at 5.

[61] *Ironshore Europe DAC v. Schiff Hardin, LLP*, 912 F.3d 759, 763 (5th Cir. 2019).

[62] *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).

[63] Rec. Doc. 19-4.

[64] Rec. Doc. 2-2 at 2.

and the policy is "central" to Plaintiff's claims. As such, it is appropriate for the Court to consider Progressive's motion and the insurance policy attached.

Progressive also attaches the Uniform Crash Report to its motion which references the underlying accident.[65] Plaintiff does not reference the Uniform Crash Report in the Petition. Progressive does not address the Uniform Crash Report in its opposition. The Court finds that consideration of the Uniform Crash Report is unnecessary in deciding Progressive's motion. Nevertheless, absent a showing of prejudice, the Court must deny Plaintiff's request to strike Progressive's Motion for Judgment on the Pleadings.

### 2.    Timeliness of Progressive's Motion

Plaintiff also argues that Progressive's motion is premature as "the rights and obligations of the parties are yet to be clearly established."[66] Plaintiff argues that Progressive denied several claims raised by Plaintiff in its Answer, raising "fundamental conflicts."[67] Progressive does not address this argument in opposition. Progressive's reply memorandum briefly states that Progressive's Motion for Judgment on the Pleadings is not premature without citing any supporting authority.[68]

As to the timeliness of Progressive's motion, motions for judgment on the pleadings may be filed at any time after the pleadings are closed so long as filing them does not delay trial.[69] Plaintiff has not shown that striking Progressive's motion is warranted in these circumstances. As stated above, a motion to strike should be granted "only when the pleading to be stricken has no

---

[65] Rec. Doc. 19-3.

[66] Rec. Doc. 24 at 1.

[67] Rec. Doc. 24-1 at 2–3.

[68] Rec. Doc. 30.

[69] Fed. R. Civ. P. 12(c); *U.S. ex rel. Long v. GSDMIdea City, L.L.C.*, 798 F.3d 265 (5th Cir. 2015).

possible relation to the controversy."[70] In addition, a motion to strike generally should not be granted absent a showing of prejudice to the moving party.[71] For these reasons, the Court denies Plaintiff's motion to strike.

## B.   *Progressive's Motion for Judgment on the Pleadings*

Progressive argues that its motion for judgment on the pleadings should be granted, dismissing Plaintiff's claims for bad faith penalties because: (1) a third-party claimant does not have a claim for bad faith penalties under La. Rev. Stat. §§ 22:1892 and 22:1973; (2) the Petition does not allege that Progressive made misrepresentations; (3) the Petition does not allege that Progressive failed to pay Plaintiff after an agreement was reduced to writing; (4) the Petition does not allege that Progressive denied coverage or attempted to settle the claim based upon a fraudulent application; and (5) the Petition does not allege that Progressive misled Plaintiff regarding the applicable prescriptive period.[72]

In opposition, Plaintiff argues that La. Rev. Stat. § 22:1973[73] provides that an insurer owes a duty of good faith dealing to both the insurer and a "claimant," which Plaintiff contends Louisiana courts have interpreted as applying to third-party claimants.[74] Alternatively, Plaintiff requests that he be granted leave of court to amend the petition to cure any deficiencies.[75]

The Petition does not cite an underlying statute for bad faith penalties against Progressive. Plaintiff does not address La. Rev. Stat. § 22:1892 in its opposition. The parties dispute whether

---

[70] *Augustus v. Bd. of Pub. Instruction*, 306 F.2d 862, 868 (5th Cir. 1962).

[71] *See id.*

[72] Rec. Doc. 19-1.

[73] Plaintiff cites La. Rev. Stat. § 22:1220 was redesignated as La. Rev. Stat. § 22:1973 in 2009.

[74] Rec. Doc. 25 at 5–8.

[75] *Id.* at 8.

Plaintiff, as a third-party claimant, has stated a claim against Progressive for bad faith penalties pursuant to La. Rev. Stat. § 22:1973. Third-party claimants have only limited claims under this statute.[76] Plaintiff is not "a person insured by contract"; and La. Rev. Stat. § 22:1973(B)(5), by law, does not apply to him.[77] Similarly, La. Rev. Stat. § 22:1973(B)(3) does not apply because Plaintiff is not the insured, and La. Rev. Stat. § 22:1973(B)(6) does not apply because it pertains to immovable property.[78] Under La. Rev. Stat. § 22:1973(B), third party claimants may only assert claims for the following causes of action:

> (1) Misrepresenting pertinent facts or insurance policy provisions relating to any coverages at issue.
> (2) Failing to pay a settlement within thirty days after an agreement is reduced to writing.
> …
> (4) Misleading a claimant as to the applicable prescriptive period….

Plaintiff has not pled sufficient facts to state a claim against Progressive under La. Rev. Stat. § 22:1973(B)(1), (2), or (4). Nevertheless, as stated above, in lieu of dismissal on a motion for judgment on the pleadings, a district court may grant a plaintiff leave to amend the complaint.[79] As such, the Court grants Plaintiff leave of Court to file an amended complaint remedying these deficiencies.

## V. Conclusion

For the reasons stated herein, the Court denies Plaintiff's motion to strike. The Court also denies Progressive's Motion for Judgment on the Pleadings and will grant Plaintiff leave of Court

---

[76] *See Paul v. Allstate Ins. Co.*, 98-499 (La. App. 5 Cir. 10/28/98), 720 So. 2d 1251, 1256.

[77] *See Langsford v. Flattman*, 03-189, p. 3 (La. 1/21/04), 864 So.2d 149, 151; *see also Lee v. Sapp*, 2017-0490 (La. App. 4 Cir. 12/6/17), 234 So. 3d 122, 133.

[78] *See Lee*, 234 So. 3d at 133.

[79] *Dueling v. Devon Energy Corp.*, 623 F. App'x 127, 129 (5th Cir. 2015).

to file an amended complaint remedying the deficiencies identified in this Order and Reasons. Accordingly,

      **IT IS HEREBY ORDERED** that Plaintiff's Motion to Strike is **DENIED**.

      **IT IS FURTHER ORDERED** that Progressive's Motion for Judgment on the Pleadings is **DENIED**.

      **IT IS FURTHER ORDERED** that Plaintiff is granted leave of Court to amend the Complaint within fourteen days of this Order to cure the deficiencies noted, if possible. If Plaintiff fails to amend the Complaint, or if Plaintiff amends the Complaint and the amendments do not cure the deficiencies identified in this Order, Defendant is granted leave to file responsive motions if necessary.

      **NEW ORLEANS, LOUISIANA**, this _12th_ day of June, 2024.

                                **NANNETTE JOLIVETTE BROWN**
                                **CHIEF JUDGE**
                                **UNITED STATES DISTRICT COURT**